[Crim. No. 23314. Second Dist., Div. Five. Aug. 3, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
MICHAEL LEE POWELL, Defendant and Respondent.

## COUNSEL

Joseph P. Busch, District Attorney, Harry B. Sondheim and Daniel L. Bershin, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Harold E. Shabo, Damon Swank and A. Jane Fulton, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

ASHBY, J.—This is a People's appeal, pursuant to Penal Code section 1238, subdivision (a) (1), from an order of the superior court granting defendant Powell's motion under Penal Code section 995 to dismiss the information against him. The trial court's order was based on the ground that the initial detention of the vehicle in which defendant was riding was unlawful and that therefore the evidence seized subsequent to that detention was inadmissible, and that without such evidence there was insufficient cause to hold defendant to answer.

The facts as adduced at the preliminary hearing were as follows: At approximately 1:45 a.m., on November 18, 1972, Officers Biller and Writer, on patrol in a marked police vehicle, observed a 1967 Pontiac stopped at the intersection of Hill and Venice in Los Angeles. The traffic light facing the Pontiac turned green, but the Pontiac remained stopped for approximately one minute before proceeding through the intersection with the green light. The officers activated their emergency equipment and stopped the Pontiac, with the intention of issuing a citation for "[f]ailing to go on green." The officers alighted from their vehicle, as did the driver of the Pontiac, Mr. Robinson.

Standing at the right side of the Pontiac, whose windows were down, Officer Biller smelled a strong odor of marijuana emitting from the vehicle. Officer Biller patted down Mr. Robinson for weapons, and smelled the odor of burnt marijuana lingering about Mr. Robinson's person. Biller asked Mr. Robinson for the registration of the vehicle and was informed by Robinson that it was in the glove box. The officer feared that if Mr. Robinson, a large person, reached to the glove box to obtain the vehicle registration he would hide from the officer's view the defendant, who was sitting in the right front passenger seat. Therefore he requested defendant to get out of the car.

When defendant alighted from the vehicle Officer Biller gave him a cursory search for weapons. During this search defendant became hysterical, spoke rapidly, jumped up and down, and appeared to cry and to be very excited. Officer Biller smelled the odor of marijuana about defend-

ant's person and heard rattling sounds, like pills shaking in a bottle, as defendant moved about.

No weapon was found and defendant was temporarily removed to a wall about 10 feet away, while other occupants of the car were given a cursory search. Officer Biller then discussed with Officer Writer the fact that from his smell of marijuana he suspected that there were narcotics on the person of these individuals, particularly defendant, or in the vehicle. From the rattling sound that he had heard, Officer Biller also suspected that defendant had some pills. Biller again approached defendant and placed his hands in defendant's waistband, whereupon he felt a round tubular plastic object resembling a pill bottle wrapped in a paper bag. Defendant became hysterical and broke away from the officer's grasp. During this scuffle two plastic vials containing pills and one baggie containing marijuana dropped to the ground. Defendant ran away, but the officer chased and captured him. Defendant was placed under arrest for possession of dangerous drugs.

It was stipulated at the preliminary hearing that the pills were LSD. An expert gave his opinion that the tablets were possessed for purposes of sale. An information was filed charging defendant with possession for sale of LSD in violation of Health and Safety Code section 11911.

In the superior court defendant's motion under Penal Code section 995 was granted. The ground of the motion was that the driver of the Pontiac committed no violation of law in delaying one minute before proceeding through the green traffic signal, and that therefore the original detention of the vehicle and the subsequent search of defendant's person were unlawful.

Appellant (the People) contends that the trial court erred in ruling that the officer had no legal ground to temporarily detain the Pontiac when he observed it to remain stopped for one minute after the traffic signal turned to green. We agree, and therefore reverse the superior court's order dismissing the information against defendant under Penal Code section 995. ■ We hold that there was probable cause for the officer to believe that a violation of Vehicle Code section 21462, a misdemeanor (Veh. Code, § 40000.15) had been committed in his presence. Vehicle Code section 21462 provides: "The driver of any vehicle . . . shall obey the instructions of any official traffic signal applicable to him and placed as provided by law, . . ." Vehicle Code section 21451 provides that: "Green alone or 'go' on an official traffic control signal means that: [¶] (a) Vehicular traffic facing the signal *shall proceed* straight through or may turn right

or left." (Italics added.) The word "shall" is mandatory. (Veh. Code, § 15.) ▮ Unless the requirements of safety or of other rules of·the road demand otherwise, it is a driver's duty to proceed when a traffic signal turns green. (*Gelini* v. *City & County of San Francisco,* 199 Cal.App.2d 340, 347 [18 Cal.Rptr. 853].) Clearly, one important purpose of traffic signals is to expedite the flow of traffic. (*People* v. *Ausen,* 40 Cal.App.2d Supp. 831, 833 [105 P.2d 321].)

Defendant argues that his failure to proceed on the green signal may well have been innocent or justified, for instance to make "necessary adjustments to some apparatus within the vehicle." The trouble with defendant's argument is that there is no evidence of any justification for the failure to proceed nor was any justification apparent to the police officers when they detained the vehicle. Although there might be circumstances justifying a driver in failing to proceed on a green light, that would be a matter for proof by the defense at the trial of the Vehicle Code violation. (*People* v. *Ausen, supra.*) The police officer was required only to have probable cause, that is, circumstances leading a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the Vehicle Code provision had been violated. The officer's decision was merely whether or not the driver should stand trial. (*People* v. *Torres,* 56 Cal.2d 864, 866 [17 Cal.Rptr. 495, 366 P.2d 823], cert. den., 369 U.S. 838 [7 L.Ed.2d 842, 82 S.Ct. 866].)

▮ In the absence of any apparent justification for the failure to proceed, the officer had probable cause to issue a traffic citation and, of course, to detain the vehicle for that purpose. (*People* v. *Superior Court [Kiefer],* 3 Cal.3d 807, 812 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559]; *People* v. *Martin,* 23 Cal.App.3d 444, 447 [100 Cal.Rptr. 272]; *People* v. *Vermouth,* 20 Cal.App.3d 746, 752 [98 Cal.Rptr. 65]. See also *People* v. *Childs,* 4 Cal.App.3d 702, 706 [84 Cal.Rptr. 378].) Furthermore, even if the officer had not determined to issue a traffic citation, he would have been reasonable in temporarily stopping the vehicle to inquire the reason why it had failed to proceed on the green signal. ▮ It would be within the proper performance of a policeman's duties to inquire why an automobile remained stopped in the middle of a public street at 2 o'clock in the morning despite a green traffic signal directing it to proceed. (*People* v. *Mickelson,* 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658].)

▮ It is apparent from the reporter's transcript of the Penal Code section 995 proceedings that the trial court based its order of ·dismissal on the ground that no violation of the Vehicle Code was committed by

the driver of the Pontiac and that therefore the original detention of the vehicle was unjustified, tainting all of the subsequently acquired evidence. We have determined that the trial court's order was based upon an erroneous interpretation of Vehicle Code section 21451, subdivision (a); therefore it must be reversed. Under these circumstances we deem it unnecessary to discuss other arguments about the seizure of the evidence which are raised in respondent's (defendant's) brief.

The order of the superior court setting aside the information is reversed, and the cause is remanded to the superior court for further proceedings consistent with the views expressed herein.

Kaus, P. J., and Hastings, J., concurred.