Filed 9/2/15  P. v. Delacruz CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B256759 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA413433) |
| JONATHAN TOBY DELACRUZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Fred N. Wapner, Judge.  Affirmed.

Morgan H. Daly, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven E. Mercer and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

Following the denial of his motion to suppress evidence, appellant Jonathan Delacruz (appellant) pled no contest to one count of possession of a controlled substance with a firearm in violation of Health and Safety Code section 11370.1, subdivision (a). Appellant admitted that he had suffered a prior serious or violent felony conviction within the meaning of Penal Code sections 667, subdivisions (b) through (i), and 1170.12 (the Three Strikes law). The trial court sentenced appellant to the middle term of three years in state prison, doubled pursuant to six years pursuant to the Three Strikes law.

Appellant appeals from the judgment of conviction, contending the trial court erred in denying his motion to suppress evidence. Appellant also requests that this court review the in camera transcript of his *Pitchess*[1] motion for discovery of peace officer personnel records. We affirm the judgment of conviction.

Facts

At the hearing on appellant's motion to suppress evidence, Los Angeles County Sheriff's Deputy Marco Magana testified that on July 9, 2013, at 6:00 p.m., he saw a white BMW make an unsafe lane change. Deputy Magana also noticed that the car had a cracked windshield. He stopped the car, which was being driven by appellant. There was a male passenger in the front seat.

Deputy Magana asked appellant if he had a valid driver's license. Appellant replied that his license was suspended. Deputy Magana detained appellant and his passenger while the deputy conducted an unlicensed driver investigation. The deputy directed the men to get out of the car.

Deputy Magana asked appellant where his registration and insurance card were located. Appellant replied that they "should be in the glove compartment or center console area." The deputy got into the front passenger seat of appellant's car and attempted to open the glove compartment. It was locked. Deputy Magana took the car

_____

[1]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

2

keys from the ignition and used them to open the glove compartment.  Inside, he found a loaded Smith and Wesson handgun.

Deputy Magana recovered other items from the trunk of the car and eventually from appellant's home.  During the preliminary hearing in this matter, Deputy Magana testified that he found a loaded Smith and Wesson magazine in the trunk and his partner recovered a duffle bag containing powder cocaine.  Additional firearms were found at appellant's home, in a closet in his father's room.

## Discussion

### 1. *Motion to suppress*

The trial court denied appellant's motion to suppress because appellant did not produce a driver's license or registration and so the officer "has the right to get him out of the car and go look for the driver's license in traditional places where it might be.  [¶] And other places, including under the seat; but in this case, he went to the glove compartment.  And he doesn't have to let the defendant go in the glove compartment because guess what?  There might be guns in there."

Appellant contends the trial court erred in so ruling.  Appellant argues that if the officer did not want to let appellant retrieve the documents from the glove compartment, the officer would have to use the communications equipment in his patrol vehicle to verify ownership of the vehicle.

### a. *Standard of review*

"In ruling on a motion to suppress, the trial court must find the historical facts, select the rule of law, and apply it to the facts in order to determine whether the law as applied has been violated. (*People v. Ayala* (2000) 24 Cal.4th 243, 279.)  We review the court's resolution of the factual inquiry under the deferential substantial evidence standard.  The ruling on whether the applicable law applies to the facts is a mixed question of law and fact that is subject to independent review.  (*Ibid*.)" (*People v. Ramos* (2004) 34 Cal.4th 494, 505.)

b. *Search and seizure law*

The Fourth Amendment guarantees the right to be free from unreasonable searches and seizures. (U.S. Const., 4th & 14th Amends.; *People v. Camacho* (2000) 23 Cal.4th 824, 829–830.) A warrantless search is unreasonable "unless it falls within one of the narrow and well-delineated exceptions to the warrant requirement." (*Flippo v. West Virginia* (1999) 528 U.S. 11, 13.)

The United States Supreme Court has established several exceptions to the warrant requirement for vehicle searches. An officer may search a car if probable cause exists to believe the car contains contraband or evidence of a crime. (*Maryland v. Dyson* (1999) 527 U.S. 465; *Carroll v. United States* (1925) 267 U.S. 132.) Vehicle searches are also permissible if the driver is being arrested or if the vehicle is being impounded. (*New York v. Belton* (1981) 453 U.S. 454 [arrest]; *South Dakota v. Opperman* (1976) 428 U.S. 364 [impound].) In addition, a limited search of a vehicle to uncover its vehicle identification number (VIN) number is constitutional. (*New York v. Class* (1986) 475 U.S. 106, 112-113.)

California law requires a person who has been stopped for a potential traffic violation to present evidence of registration and a driver's license upon proper demand by a peace officer. (Veh. Code, §§ 4462, 12951.) The California Supreme Court has held that a limited warrantless search of a vehicle for the registration is constitutionally permissible when the driver and all occupants deny ownership of the vehicle. (*People v. Webster* (1991) 54 Cal.3d 411, 429-430.) The court has also held that such a search is permissible when a driver fails to produce registration documentation. (*In re Arturo D.* (2002) 27 Cal.4th 60, 86 (*Arturo*).) This search must be "limited to places where such documentation could be expected to be found" such as the glove compartment. (*Id.* at p. 84.)

c. *Analysis*

Appellant contends that under *People v. Webster, supra,* 54 Cal.3d 411 and *Arturo, supra,* 27 Cal.4th 60, a peace officer may only search a vehicle for registration

4

documents when the driver denies ownership of the vehicle or fails to produce the documents. Appellant contends that outside those two circumstances, a peace officer's authority to search a vehicle is limited by *Knowles v. Iowa* (1998) 525 U.S. 113 (*Knowles*), which prohibits the search of a vehicle incident to the issuance of a citation. Appellant contends that since he did not deny ownership or fail to produce his registration, the deputy could not search appellant's vehicle for the registration. According to appellant, the deputy's options were to let appellant reenter the car and retrieve the documents, or to use the radio or computer in his car to verify the registration. We do not agree.

In *Knowles,* officers conducted a full scale search of a vehicle during a traffic stop, under the theory that since the driver could have been arrested for his traffic violation, a search was authorized even though the driver was only cited and not arrested.[2] (*Knowles, supra*, 525 U.S. at p. 115.) The reasoning of *Knowles* sheds no light on the scope of a peace officer's authority to conduct a limited search of a vehicle for legally required registration papers.

Existing law does not limit an officer to the options described by appellant. "As observed in *People v. Faddler* [(1982)] 132 Cal.App.3d 607, 610, '"[i]n the ordinary situation where the safety of the officer or the public is not endangered thereby, a driver may himself retrieve and present his license for examination by an investigating police officer.'" But '[i]f officer safety warrants, . . . the officer may control the movements of

---

[2]     We note that appellant told the deputy he was driving with a suspended license, which made him subject to immediate arrest. (Veh. Code, § 14602.6, subd. (a)(1) [arrest and vehicle impoundment authorized].) Unlike the defendant in *Knowles*, appellant was in fact arrested once the deputy confirmed that appellant's license was suspended. Although the search of appellant's car occurred before his arrest, an officer may search someone incident to arrest before the formal pronouncement of arrest. (*Rawlings v. Kentucky* (1980) 448 U.S. 98, 111 ["Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa"].) Thus, it appears that the deputy's search was authorized for this additional reason.

the vehicle's occupants and retrieve the license himself.' (*People v. Hart* (1999) 74 Cal.App.4th 479, 489.)" (*Arturo, supra*, 27 Cal.4th at p. 70, fn. 6.)

Here, appellant looked "nervous [and] startled" when the deputy walked up to the driver's side of the car. Appellant had a passenger in the car. Because there was more than one occupant in the car, it was safer for the deputies to have appellant and his passenger outside the car while the investigation continued. (See *Maryland v. Wilson* (1997) 519 U.S. 408, 414–415 [danger to an officer from a traffic stop is likely to be greater when there are passengers in addition to the driver in the stopped car].)[3]

Appellant was clearly unsure of the location of the registration documents, stating that they "should" be in either the glove compartment or the center console. As was the case in *Faddler*, allowing appellant to "rummage about" in the car would have "diminish[ed] the officer's control over a potentially dangerous situation and creat[ed] a potential threat to his safety and that of the public." (*People v. Faddler, supra,* 132 Cal.App.3d at pp. 610–611; see *People v. Martin* (1972) 23 Cal.App.3d 444, 447 [where driver stated he did not know where the car registration was, "[t]he officer was, for his own protection, justified in searching the glove compartment himself, rather than risk the danger that the passenger might pull a weapon out of the glove compartment"].)

Appellant was required by California law to produce proof of registration of the vehicle. The two places identified by appellant as the likely location of the registration documents are traditional places to store such documents. Officer safety concerns permitted the deputy to search those locations rather than permit appellant to reenter the car and perform the search himself. Accordingly, the trial court did not err in denying appellant's motion to suppress evidence.

---

[3]    In addition, the traffic stop took place on a street with at least two lanes of traffic in each direction on a weekday during evening rush hour, which creates an inference that there was passing traffic on the street. This circumstance would also justify moving appellant and his passenger out of the car while the investigation continued. (*Pennsylvania v. Mimms* (1977) 434 U.S. 106, 111.)

2. *Pitchess* motion

Appellant requests that we independently review the sealed transcript of the in camera hearing on his *Pitchess* motion for discovery of peace officer personnel records.

Pursuant to stipulation of the parties, the trial court found good cause to hold an in camera review of the records of the deputies involved in the traffic stop. On February 13, 2014, the court conducted the in camera review and determined that there were no discoverable records.

When requested to do so by an appellant, we independently review the transcript of the trial court's in camera *Pitchess* hearing to determine whether the trial court disclosed all relevant complaints. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1229.) We have reviewed the transcript of the in camera hearing and conclude that the trial court did not abuse its discretion in ruling that there were no relevant records to disclose to appellant. (See *People v. Hughes* (2002) 27 Cal.4th 287, 330 [court's ruling is reviewed for abuse of discretion].)

Disposition

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIRSCHNER, J.[*]

We concur:


TURNER, P.J.


MOSK, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8