[Crim. No. 14120.   Second Dist., Div. Two.   July 23, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. LEWIS IGNACIO MONREAL, Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Hank Di Roma for Defendant and Respondent.

NUTTER, J. pro tem.*—Defendant was charged with possession of marijuana, in violation of section 11530 of the

*Assigned by the Chairman of the Judicial Council.

Health and Safety Code. Under section 995 of the Penal Code, he moved to dismiss the information. The People appealed from the order granting defendant's motion and setting aside the information.

Los Angeles Police Officer Barton was on duty on April 21, 1967, in a business area at about 10:30 p.m. It was raining. The officer observed the defendant, who was smoking a cigarette, step from his vehicle which was parked, walk to the rear of the vehicle, throw the cigarette onto the sidewalk, and open the trunk. He then opened a tool box, and removed a pair of gloves and a screwdriver. Because of numerous burglaries in this area and business establishments were closed, the officer thought defendant might be a burglary suspect. He approached defendant and asked him for his driver's license and questioned him concerning the ownership of the vehicle. Defendant produced his driver's license, and said that the vehicle belonged to him, but was registered to someone else in San Diego. The officer went to the driver's side of the car, shined his flashlight into the vehicle from the outside, saw no registration, and then opened the car door and put his head inside the car so he might be able to see if there was a registration on the sun visor or elsewhere in the vehicle. At this time he smelled a strong sweet odor which resembled marijuana. Suspecting a possible marijuana violation, the officer asked defendant if he had been smoking marijuana. The defendant denied this. The officer then checked the vehicle for possible marijuana but found none.

The officer then went to the curb where he had earlier observed the defendant throw the cigarette. He observed a partially smoked homemade cigarette lying on the cement. The sidewalk was clean where the cigarette was lying. He broke it open and noted that it contained a green leafy substance resembling marijuana.

Thereafter, the defendant was placed under arrest for possession of marijuana, and advised of his constitutional rights.

Later, at central jail during booking, a plastic bag containing a green leafy substance fell from defendant's shorts.

The parties stipulated that the cigarette found on the sidewalk and plastic bag recovered at the booking both contained marijuana. Defendant is charged with but one count of possession of marijuana. We must determine whether the information is supported by either the marijuana cigarette found at the scene or the marijuana found at the booking and

whether either is the product or result of an unlawful search or arrest.

■ ''A search of a person lawfully arrested in the process of booking him is a reasonable search. (*People* v. *Rogers,* 241 Cal.App.2d 384, 388-390 [50 Cal.Rptr. 559]; *People* v. *Reed,* 202 Cal.App.2d 575, 579-580 [20 Cal.Rptr. 911].)'' (*People* v. *Wohlleben,* 261 Cal.App.2d 461 at p. 462 [67 Cal.Rptr. 826].)

■ However, respondent contends that the marijuana recovered at the booking resulted from and was the product of an unlawful search and arrest. He contends that the marijuana cigarette should be excluded because the officer smelled the marijuana as a result of an illegal search or entry into the vehicle.

We do not agree. Respondent's unusual conduct at the location in question plus his uncertain explanation concerning the ownership and registration of the vehicle justified further investigation by the officer. The officer's conduct in leaning into the car to check for the registration was proper and reasonable.

Section 2805 of the Vehicle Code provides that ''A member of the California Highway Patrol may inspect any vehicle . . . on a highway . . . for the purpose of locating stolen vehicles or investigating the title and registration thereof.'' Prior to 1967, section 4454 of the Vehicle Code required that the vehicle registration card should be plainly visible and legible from outside the vehicle. In 1967, this provision was amended to provide that the registration card should be maintained ''with the vehicle.'' Although this was an investigation by a Los Angeles police officer and not a California Highway Patrol officer, the time, location and acts of the defendant plus the uncertain information given the officer by the defendant together with the fact that the officer did not see the registration slip, made the limited entry into the vehicle reasonable under the circumstances. (*People* v. *Simons,* 208 Cal.App.2d 83, 86-87 [25 Cal.Rptr. 57]; *People* v. *Anushevitz,* 183 Cal.App.2d 752 [6 Cal.Rptr. 785].)

Appellant's vagueness about the registration justified the invasion of the privacy of the vehicle for the purpose of checking the registration at the place where it is customarily located. When he opened the door the officer was not making an exploratory search of the vehicle. His search was limited to a cursory check of the registration at the time he smelled marijuana.

In *People* v. *Grubb* (1965) 63 Cal.2d 614, 618 [47 Cal.Rptr.

772, 408 P.2d 100], officers, at 10:30 p.m., found defendant's car without lights, parked on the wrong side of the road and protruding into the highway with no registration slip in sight. They entered the car to search for the registration slip and, while looking, found a billy which defendant, when apprehended, admitted was his. The court held the entry and investigation of title and registration under Vehicle Code section 2805 was justified by compelling reasons and exceptional circumstances.

In *People* v. *Brajevich* (1959) 174 Cal.App.2d 438, 444 [344 P.2d 815] defendant's car was parked, and defendant was observed by officers walking, in a residential area, in the middle of the night. When approached he made a throwing motion. On interrogation he admitted prior felonies, first denied and then admitted ownership of the car, and made other inconsistent and unbelievable explanations of his presence and his car at the place. The officers then searched the car and found narcotics in quantity. The court held the search was legal and the evidence admissible.

In *Mardis* v. *Superior Court* (1963) 218 Cal.App.2d 70 [32 Cal.Rptr. 263], an officer arrived at the scene where a car was parked at night by the side of the road. With a flashlight he saw defendant apparently asleep in the car. It was held that he had authority to open the automobile door and, upon smelling intoxicants, had the additional right and duty to complete his investigation, which revealed a pistol belonging to the occupant, who had been convicted of a felony, in the open glove compartment.

In *People* v. *Simons* (1962) 208 Cal.App.2d 83 [25 Cal. Rptr. 57], a highway patrol officer, who had been informed of peculiar actions of defendant by a garageman who had towed defendant's automobile, had reasonable grounds to search the automobile without a warrant and when he did not find a registration slip he was justified in searching the automobile for stolen articles or contraband; narcotics found in a shaving case in the automobile were admissible as a product of reasonable search.

In *People* v. *Guerrero*, 247 Cal.App.2d 687, 688-689 [56 Cal. Rptr. 7], the court held it was proper for an officer under the authority of Vehicle Code section 4454 to search for the registration slip within the car and while looking for the registration slip the officer "was not required to ignore the suspicious circumstances created by the plainly visible galvanized pipe protruding from under the seat, and several purses under the

uneven front floor mat which was two to three inches above the floor. (*People* v. *Hyde*, 51 Cal.2d 152 [331 P.2d 42]; *People* v. *Alvarez*, 236 Cal.App.2d 106, 112 [45 Cal.Rptr. 721]; *Mardis* v. *Superior Court*, 218 Cal.App.2d 70, 74-75 [32 Cal. Rptr. 263]; *People* v. *West*, 144 Cal.App.2d 214 [300 P.2d 729].)''

Similarly, here, when the smell of marijuana was brought to the officer's attention after he put his head in the doorway while looking for the registration, he was not obliged to ignore the plain message conveyed to his sense of smell.

Finally, in all the cases previously cited the incriminating evidence or contraband was found in the vehicle itself during the search. Here the marijuana cigarette had been thrown away by appellant before the officer talked to him or smelled the marijuana. The officer had good reason to go over to examine the cigarette that had been thrown away. The question whether this was the same cigarette or not was, of course, a question of fact for the committing magistrate. (Cf. *Rideout* v. *Superior Court*, 67 Cal.2d 471 [62 Cal.Rptr. 581, 432 P.2d 197]; *People* v. *Stout*, 66 Cal.2d 184, 192 [57 Cal.Rptr. 152, 424 P.2d 704].)

■ If, after an unlawful search and arrest is completed, a defendant is guilty of some other unlawful act, or some other independent evidence is produced, it may not be affected by the illegality of the arrest and search. (*People* v. *Watson* (1965) 234 Cal.App.2d 203, 210 [44 Cal.Rptr. 396]; *People* v. *Guillory* (1960) 178 Cal.App.2d 854, 856 [3 Cal.Rptr. 415, 80 A.L.R.2d 1077] [after unlawful search completed and arrest made, defendant attempted to bribe arresting officers; proof of this act admissible]; see 8 U.C.L.A. L.Rev. 454; *People* v. *Martin* (1966) 240 Cal.App.2d 653 [49 Cal.Rptr. 888]. (Witkin, Cal. Evidence (2d ed. 1966) p. 61.)

At the hearing on the motion under section 995 herein, the court announced: ''I have not read the transcript. I will hear from the District Attorney as to the facts of the case, then I will hear from you.'' (Referring to defense counsel.)

Following the argument consisting of five pages of transcript, the following occurred:

''THE COURT: Submitted?

''MR. WARNBERG: Submitted, your Honor.

''THE COURT: The motion under 995 is granted.''

In *People* v. *Olf*, 195 Cal.App.2d 97, 101 [15 Cal.Rptr.

390], the court stated: "Upon a motion to set aside an indictment under Penal Code, section 995, it is incumbent on the trial court to sufficiently scrutinize the transcript of the proceedings before the grand jury to determine whether there is some legally admissible evidence to support the indictment." Of course, the same admonition applies to a transcript of a preliminary hearing.

The order is reversed.

Roth, P. J., and Fleming, J., concurred.