[Crim. No. 19600. Second Dist., Div. Five. Sept. 7, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
PABLO GRIFFITH, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, Jr., District Attorney, Harry Wood and Sueanne C. Lewis, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, and Leighton A. Nugent, Deputy Public Defender, for Defendant and Respondent.

## OPINION

**THE COURT.**—This is an appeal by the People (Pen. Code, § 1238, subd. (a)(7)) from an order dismissing an information which charged defendant with possession of marijuana (Health & Saf. Code, § 11530), following the granting of defendant's motion to suppress evidence (Pen. Code, § 1538.5).

Officer Dukeslaw of the Los Angeles Police Department and his partner were on patrol in a black and white police car at about 4:35 p.m., August 19, 1970. Dukeslaw, who was driving south on Valencia, observed defendant driving a 1958 Chevrolet north on Valencia in a lawful manner. The lower two-thirds of the right windwing of the Chevrolet was broken. The opening was large enough to admit a hand. Dukeslaw's partner ran a check of the license number of the Chevrolet. It came back "no want." Dukeslaw nevertheless stopped defendant's car to investigate the possibility that it was stolen. Upon approaching the car, Dukeslaw observed dismantled phonograph parts and numerous tools, primarily pliers and screwdrivers, on the back seat, the front seat and the floor. These objects led Dukeslaw to suspect the possibility that defendant might be a burglar. Dukeslaw asked defendant to get out of the car. The officer conducted a patdown search for offensive weapons. He felt a long hard object in defendant's left front pocket which he believed to be a pocket knife or other weapon. Dukeslaw asked defendant what the object was; defendant said, "nothing." Dukeslaw then reached his hand halfway into defendant's pocket and retrieved the object which turned out to be a screwdriver. As Dukeslaw withdrew the screwdriver, he also, unintentionally, removed a small conical-shaped spring along with it. Inside the spring was a hand rolled marijuana cigarette which formed the basis for the instant prosecution.

The trial court, in granting defendant's motion to suppress, indicated it believed the officer's testimony as set forth above. The threshold question on this appeal is, of course, whether the officer was justified initially in stopping defendant's car.

While it is well established that circumstances short of probable cause for making an arrest may warrant a temporary detention for purposes of investigation (*Terry* v. *Ohio*, 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868]; *People* v. *Mickelson*, 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658]), before such a detention may be undertaken there must be an objectively reasonable suspicion that something out of the ordinary has taken place, that the activity is related to a crime, and that defendant is connected to the activity. (*Irwin* v. *Superior Court*, 1 Cal.3d 423, 427 [82 Cal. Rptr. 484, 462 P.2d 12]; *People* v. *Henze*, 253 Cal.App.2d 986, 988 [61 Cal.Rptr. 545].) In *People* v. *Adam*, 1 Cal.App.3d 486, 489 [81 Cal.Rptr.

738], we approved a stop where, in addition to the fact that the defendant had a broken left windwing and fit a rather generalized description of a burglar who had been active in the immediate area, he was driving in a sufficiently erratic manner to lead to the objectively reasonable suspicion that he might be intoxicated. It was this factor which led us to conclude that his initial detention was lawful. (*People* v. *Adam, supra,* 1 Cal.App.3d at pp. 488-489.)

■ By contrast the only unusual circumstance noted by the officer in the instant case was the broken windwing. This was a fact equally reconcilable with an innocent explanation as with a guilty one, especially in view of the negative report the officer received on the license plate. ■ The Constitution does not permit an officer to stop a motorist in broad daylight merely because he observes some damage, of undetermined age and origin, which does not constitute a violation of the Vehicle Code.

Although the court below speculated that it could probably judicially note that vehicles are frequently stolen by thieves who gain entry to them through a windwing, the court did not comply with the notice requirements of section 455, subdivision (a) of the Evidence Code which would have enabled it to take judicial notice of such a matter. In view of the court's ruling in defendant's favor immediately after commenting upon the possibility of taking judicial notice, defendant cannot be deemed to have waived compliance with section 455, subdivision (a). This court has not been asked to take judicial notice (Evid. Code, § 459) of the frequency with which auto thefts are accomplished by means of forced entry through a windwing, and more particularly by breaking out a portion of the windwing. Nor do we believe that such grounds for judicial notice exist. It is just as reasonable to infer from the existence of a broken windwing that it was broken for the purpose of stealing some object from the vehicle as that it was broken for the purpose of stealing the vehicle itself. Accidental damage and vandalism are other equally reasonable explanations for the condition of the windwing.

■ In any event, we need not really decide whether the stop was constitutionally authorized. If we were correct in *People* v. *Adam,* 1 Cal.App. 3d 486 [81 Cal.Rptr. 738] in holding that the facts disclosed by the record in that case did not authorize a patdown, we must necessarily reach the same conclusion here. Tested against the objective standard demanded by *Terry* v. *Ohio,* 392 U.S. 1, 21-22 [20 L.Ed.2d 889, 905-906, 88 S.Ct. 1868], we can see no justification for intruding this far on defendant's privacy. The instant confrontation involved two armed officers and a citizen seated behind the wheel of a car. The officers for no apparent reason, ordered him out of the car. Dukeslaw testified that this put defendant "in a

more strategic or offensive type position than he would if he were still sitting in the car." Of course, that was entirely due to the uncalled for order. Besides, it amply appears from the record that the officer patted defendant down because there was a confrontation, not because he really felt that there were "specific and articulable facts" (*Terry* v. *Ohio, supra,* 392 U.S. at p. 21 [20 L.Ed.2d at p. 905]) warranting the intrusion. Asked for such facts he replied: "As far as I am concerned, anybody I stop could possibly have a weapon on them."

The order dismissing the information is affirmed.

Appellant's petition for a hearing by the Supreme Court was denied November 4, 1971.