[Crim. No. 20153. Second Dist., Div. Two. Oct. 14, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
JESSIE RONNIE COLE, JR., Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, Jr., District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, James L. McCormick, Bruce A. Hoffman and Harold E. Shabo, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**FLEMING, J.**—The People appeal an order suppressing evidence and dismissing a charge of possession of marijuana against Jessie Ronnie Cole, Jr.

In January 1971 Los Angeles Police Officer Lee Prentiss saw Cole driving a Plymouth with 1969 Michigan license plates and without external evidence of 1970 or 1971 registration. Officer Prentiss stopped Cole and asked him for his driver's license and vehicle registration. Cole produced his driver's license and a vehicle registration for an Oldsmobile. Prentiss asked him to step out of the car. When the car door opened, Prentiss noticed that the vehicle identification plate was not secured where it should be, and he also noticed a partially smoked marijuana cigarette on the floor of the vehicle on the driver's side. He arrested Cole for possession of marijuana, and when he picked up Cole's wallet from the seat of the car Cole said,

"You might as well take the other joints, too," and showed him other marijuana cigarettes in a compartment in the wallet.

■ The trial court concluded that Officer Prentiss had no reasonable cause to stop Cole's car, ordered the evidence of the marijuana suppressed, and dismissed the charge. The issue on appeal is whether the stop was valid.

Cole contends the trial court's ruling was correct in light of *People* v. *Franklin,* 261 Cal.App.2d 703 [68 Cal.Rptr. 231]. We disagree. In *Franklin,* a police officer in February 1966 stopped a car which bore 1965 Illinois plates. The stopping officer knew that the period in which to renew 1966 vehicle registration in Illinois extended to some date in February 1966. Thus, "On the *speculation* that the registration had expired, the car was stopped in order to ascertain that fact." (Pp. 705-706, italics in the original.) Interpreting the provisions of Vehicle Code sections 2804-2806, the court concluded that a police officer, as distinguished from a Highway Patrol officer, cannot stop a vehicle "solely to *investigate* proper registration." (P. 707, italics in the original.)

The interpretation of sections 2804-2806 in *Franklin* may be somewhat inconsistent with other decisions. (*People* v. *Monreal,* 264 Cal.App.2d 263, 265-266 [70 Cal.Rptr. 256]; *People* v. *Cacioppo,* 264 Cal.App.2d 392, 396-397 [70 Cal.Rptr. 356]; *Curry* v. *Superior Court,* 7 Cal.App.3d 836, 845 [86 Cal.Rptr. 844]; see also, *People* v. *Grubb,* 63 Cal.2d 614, 618 [47 Cal.Rptr. 772, 408 P.2d 100].) But in any event the facts here are clearly distinguishable from *Franklin.* Officer Prentiss was not acting on mere suspicion, nor was he stopping a vehicle solely on speculation. Cole was driving during 1971 a vehicle which carried 1969 license plates. This was a violation of Vehicle Code sections 4000 and 4611. As acknowledged in *Franklin,* 261 Cal.App.2d at page 707, footnote 5: "The right of a police officer or deputy sheriff, as distinguished from a California Highway Patrol officer, to stop a vehicle and investigate where the license exhibited discloses what is in fact the misdemeanor [now infraction] of failure to display a valid license in accordance with sections 4611, 4851 and 4853 of the Vehicle Code [was] not in issue in [that] case."

Officer Prentiss had authority to stop Cole's car for violation of the license plate regulations of the Vehicle Code. (See, e.g., *People* v. *Galceran,* 178 Cal.App.2d 312 [2 Cal.Rptr. 901], missing front license plate.) Additionally, Officer Prentiss reasonably could have suspected that an out-of-state vehicle equipped with two-year-old license plates was a stolen car.

■ The discovery of marijuana in Cole's car was a natural outgrowth of the stop. Cole's presentation of a vehicle registration for another vehicle suggested the necessity for further investigation. When Cole stepped from

the car the marijuana cigarette came into plain view. (*People* v. *McCullough,* 222 Cal.App.2d 712 [35 Cal.Rptr. 591].) When Officer Prentiss picked up Cole's wallet from the seat of the car and handed it to him, Cole volunteered he had more marijuana in the wallet. (*People* v. *Walker,* 203 Cal.App.2d 552 [21 Cal.Rptr. 692].)

We conclude that the stop of Cole's car was justified and that the marijuana evidence should not have been suppressed. The orders suppressing evidence and dismissing the cause are reversed.

Roth, P. J., and Herndon, J., concurred.