[Crim. No. 25228. Second Dist., Div. Five. Dec. 31, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES THOMAS BEAL, Defendant and Appellant.

218

COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Andrew D. Amerson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, J.—By information appellant was charged in count I with possession of heroin, in violation of Health and Safety Code section 11350, and in count II with being under the influence of heroin, in violation of Health and Safety Code section 11550. A prior felony conviction was also alleged. After denial of his motion under Penal Code section 1538.5, appellant pleaded guilty to count I, count II was dismissed, the prior was stricken, and appellant was sentenced to imprisonment in the state prison. This appeal is limited to the validity of the ruling on the section 1538.5 motion (Pen. Code, § 1538.5, subd. (m).)

On December 12, 1973, at 3:15 p.m., Officer Roger Nustad and his partner Detective Grayson of the El Monte police were parked in their police vehicle with a view of the Spic and Span Motel at Valley Boulevard and Shirley Street in El Monte. Officer Nustad observed appellant and another person, subsequently identified as Raymond Valencia, leave the motel and walk about 20 or 25 feet to a Volkswagen parked in the driveway of the motel. Both appellant and Valencia were staggering, and it appeared that they were intoxicated. They entered the vehicle and drove out of the driveway onto Valley Boulevard. Valencia was driving and appellant was the front passenger. Although the vehicle was not observed to violate any traffic laws in leaving the driveway or proceeding for one-and-a-half blocks, the officers activated their red light and stopped the vehicle to ascertain "if these people were intoxicated." When the police vehicle pulled directly in front of the Volkswagen, Officer Nustad observed Valencia and appellant both bending down appearing to place something under the seat.

Appellant and Valencia were ordered to step out of the vehicle. One reason for ordering the occupants out of the car was Officer Nustad's

apprehensiveness for his own safety, he suspecting that something had been placed under the seat.

Officer Nustad observed the driver, Valencia, first. Nustad had extensive training in narcotics and was assigned to the narcotics detail. He observed that Valencia was lethargic, very relaxed, somewhat sleepy or drowsy, and that he swayed from side to side as Nustad talked to him. He observed that Valencia's pupils were constricted and gave no reaction when Nustad shielded the sun from Valencia's face. Nustad formed the opinion that Valencia was under the influence of a narcotic. Nustad then examined appellant and found the same conditions. Appellant was lethargic and drowsy and his speech was slow and slurred. Appellant swayed from side to side. His pupils were constricted and showed no reaction to shielding from the sun. Nustad formed the opinion appellant was under the influence of a narcotic and placed him under arrest.

Officer Nustad or his partner searched the vehicle and found two hypodermic needle kits, one under the driver's front seat and the other under the passenger's front seat. When handcuffs were placed on appellant he made a motion with his hands to his left rear pocket as if to get something out. Thinking that appellant was possibly trying to reach evidence, Nustad had his partner remove a wallet from appellant's pocket. In the fold of the wallet was a balloon with a little over one-half gram of heroin. Appellant then moved his hand toward the left waistband area. Detective Grayson pulled up appellant's shirt and found a hypodermic needle and syringe in the waistband. Appellant had recent puncture wounds on both hands and wrists.

Appellant contends that the police had insufficient grounds to stop the vehicle and to order the occupants to step out, and that therefore the seizure of the heroin from appellant's person was the fruit of an illegal detention. We find this contention to be without merit and therefore affirm the judgment.

## DISCUSSION

■ Appellant contends the original detention of the vehicle was improper.[1] This contention is without merit. Officer Nustad observed

---

[1]Appellant raises this contention by way of arguing that trial counsel was incompetent for conceding the point. Since we determine that the detention was proper, it is obvious that counsel's concession did not result in the withdrawal of a crucial defense and thus does not constitute inadequate representation under *People* v. *Ibarra,* 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487].

both Valencia and appellant "staggering" to the automobile, and it appeared to him that they were intoxicated. It was permissible for Nustad to give opinion testimony of intoxication based upon the appearance of the suspects. (*People* v. *Munsey,* 18 Cal.App.3d 440, 446 [95 Cal.Rptr. 811]; Witkin, Cal. Evidence (1966) § 398, p. 358.) It was perfectly proper for the officers to investigate to determine "if these people were intoxicated." The fact that the suspects had been able to enter their car and to drive a block and a half without mishap before the officers could question them in no way dispelled the duty to investigate. It is well established that circumstances short of probable cause to arrest will justify an officer's stopping pedestrians and motorists on the streets whenever it appears that such course is reasonably necessary to discharge the officer's duty to prevent crime and maintain the peace as well as to apprehend criminals after the fact. (*People* v. *Mickelson,* 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658]; *People* v. *One 1960 Cadillac Coupe,* 62 Cal.2d 92, 95-96 [41 Cal.Rptr. 290, 396 P.2d 706]; *People* v. *Higbee,* 37 Cal.App.3d 944, 949 [112 Cal.Rptr. 690].)

Appellant next contends that it was improper for Officer Nustad to request appellant to get out of the car. This argument is also without merit. An officer who has stopped a vehicle may, where appropriate, request the occupants to alight. (*People* v. *Mickelson, supra; People* v. *Superior Court (Simon)* 7 Cal.3d 186, 206, fn. 13 [101 Cal.Rptr. 837, 496 P.2d 1205].) Since the purpose of the stop was "to ascertain if these people were intoxicated," it was permissible to ask the occupants to alight in order to view their condition. (*People* v. *Manning,* 33 Cal.App.3d 586, 604-605 [109 Cal.Rptr. 531]; *People* v. *Nieto,* 267 Cal.App.2d 1, 3-4 [72 Cal.Rptr. 764]; see also *People* v. *Evans,* 34 Cal.App.3d 175, 179 [109 Cal.Rptr. 719].)

Furthermore, it has been held proper to request the occupants to alight in order to insure the safety of the officer. (*People* v. *Nieto, supra; People* v. *Nickles,* 9 Cal.App.3d 986, 991-992 [88 Cal.Rptr. 763]; *People* v. *Knight,* 20 Cal.App.3d 45, 49-50 [97 Cal.Rptr. 413].) Officer Nustad testified that when he asked appellant to get out of the vehicle he feared for his own safety because "I was wondering what was stuck underneath the seat . . . ." Appellant is correct that the mere observation of appellant's bending down and appearing to place something under the seat would not, by itself, give sufficient grounds *to search the car (People* v. *Superior Court (Kiefer)* 3 Cal.3d 807, 828 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559]) or *to search appellant's person* (see *People* v. *Griffith,* 19 Cal.App.3d 948, 951 [97 Cal.Rptr. 367]) but that is not the

question involved here. The officer merely requested the occupants to step out of the vehicle. ■ As we pointed out in *People* v. *Figueroa,* 268 Cal.App.2d 721, 726-727 [74 Cal.Rptr. 74], even an inchoate and unparticularized suspicion that it would be better for the officer's safety for the passenger to alight is sufficient to justify such a request, because merely stepping out of the vehicle is a minimal intrusion upon privacy, far less than involved in a bodily search, a frisk, or a search of the vehicle. (*People* v. *Superior Court (Simon) supra; People* v. *Superior Court (Kiefer) supra,* at p. 830.) ■ The officer's request that appellant alight from the vehicle was perfectly reasonable and proper.

It is not contended that any illegality occurred after appellant stepped out of the vehicle.

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.