Opinion
HOLMES, P. J.
Defendant was charged with possession of a controlled substance in violation of Health and Safety Code section 11377 *Supp. 8 (count I) and driving without an operator’s license in violation of Vehicle Code section 12500, subdivision (a) (count II). Defendant’s motion to suppress evidence under Penal Code section 1538.5 was granted and count I was dismissed. The People appeal pursuant to Penal Code section 1538.5, subdivision (j).[1]
I
Facts
Only one witness, Michael St. Clair, a Los Angeles police officer, testified at the section 1538.5 hearing. He testified that he stopped a car driven by defendant for what he believed to be an equipment violation. He asked defendant if he had his driver’s license. Defendant answered that he did not. The officer then asked if defendant had registration for the car. Defendant answered that he did not. The officer then asked if the car belonged to defendant, who answered that it did. The officer observed that the ignition switch was in the “on” position with no.key in the switch. The officer, standing outside the car, observed there were no keys in the car and arrested defendant “for investigation of grand theft auto.”
The officer asked defendant for the keys. Defendant replied that they were at home. The officer opened the car door and leaned into the car to open the glove compartment to look for the car’s registration. While so engaged, the officer observed what appeared to him to be marijuana seeds on the car seat. Looking further, he observed white pills in the bottom of an open and otherwise empty hard pack cigarette box. These he believed to be amphetamines.
Officer St. Clair testified that in his experience as a peace officer, “it is common to find in the investigation of a stolen vehicle that the registration would be found in place in the automobile” and that this is the reason he entered defendant’s car.
Defendant’s motion sought to suppress “all tangible or intangible evidence seized or observed by the”, police. At the conclusion of argument, the motion court announced its decision as follows: “Based on the testimony of Officer St. Clair in its entirety, the court grants the *Supp. 9 defense motion to suppress the evidence and or for the return of properties.”.
The People contend that this order is erroneous because the officer had probable cause to believe the vehicle to be stolen and that entry to the car was in lawful course of police investigation of the suspected crime. The People’s briefs do not contend that the entiy was justified by a lawful arrest.
Defendant contends that the order suppressing evidence must be affirmed because the People’s case depends entirely upon the credibility of its one witness who must be deemed impeached in view of the language used by the motion court in granting the motion.
We are of the opinion that the undisputed evidence establishes that entry into defendant’s car was pursuant to a lawful police investigation and that the ruling, contrary to that evidence, is erroneous, absent any showing that the issue of credibility of the sole witness was raised in the lower court or that the motion judge disbelieved the evidence.
II
Entry Of Defendant’s Car Was Lawful
The evidence is that Officer St. Clair formed the opinion that defendant’s car had been stolen when he observed, after a lawful detention of defendant, that defendant’s car had no keys in the ignition switch or in the car; that defendant had no driver’s license or registration, although defendant stated the car belonged to him; and that defendant stated the keys to the car were at home. The officer stated that his- professional experience was that registration for a car suspected of being stolen is commonly found in the car. It is common knowledge that, under current law and usage, a likely place to look for registration data is the glove compartment. It was reasonable for the officer, under these circumstances, to look in the glove compartment to corroborate or allay his reasonable suspicion of the car’s status. This conclusion is enforced by the reasoning in People v. Gale (1973) 9 Cal.3d 788, 791-792, 795-796 [108 Cal.Rptr. 852, 511 P.2d 1204]; People v. Grubb (1965) 63 Cal.2d 614, 618-619 [47 Cal.Rptr. 772, 408 P.2d 100]; and People v. Monreal (1968) 264 Cal.App.2d 263, 264-266 [70 Cal.Rptr. 256], all involving police investigations by entry into automobiles to verify or put at rest suspicion of their involvement in crime.
*Supp. 10 III
There Is No Evidence That The Motion Judge Disbelieved The Testimony Of The Sole Witness
Defendant invokes the rule, as stated in People v. Lawler (1973) 9 Cal.3d 156 at page 160 [107 Cal.Rptr. 13, 507 P.2d 621] that in a proceeding under Penal Code section 1538.5 “[T]he power to judge the credibility of the witnesses ... is vested in the trial court. On appeal all presumptions favor the exercise of that power, and the trial court’s findings on such matters, whether express or implied, must be upheld if they are supported by substantial evidence.”
Defendant contends that the wording of the motion court’s ruling shows that Officer St. Clair’s testimony was disbelieved by the judge. At conclusion of the hearing the motion judge stated that “based on the testimony of Officer St. Clair in its entirety, the court grants the motion.” We do not regard this expression by the judge as indicating disbelief in the officer’s testimony concerning the events leading to defendant’s arrest and prosecution. A more likely explanation is that the motion court properly understood that he was required to consider all of “the facts and circumstances—the total atmosphere of the case” (United States v. Rabinowitz (1950) 339 U.S. 56, 66 [94 L.Ed. 653, 660, 70 S.Ct. 430]) as related by the only witness and, having done so, believed that the seizure of the challenged evidence was unreasonable. That this was the motion court’s intent is supported by the circumstances that (1) the initial arrest of the defendant for “investigation of grand theft auto” was of dubious validity; (2) respondent’s brief suggests that the court may have been influenced by a supposed fact—not supported by the record—that the ignition switch of cars of the make and vintage of defendant’s were designed to be operable without a key; and (3) the grounds urged by respondent for impugning the credibility of Officer St. Clair had nothing to do with the circumstances of the interrogation of defendant at the scene and the officer’s entry into the car; but related, instead, to the condition of defendant’s car when first observed by Officer St. Clair and to the officer’s inability to state unequivocally the sequence of events during defendant’s detention.
The testimony of Officer St. Clair, if believed, required denial of defendant’s motion to suppress. Where, as here, testimony legality of the challenged search and seizure is uncontradicted, is neither inherently improbable nor rendered questionable by or otherwise and the motion court does not indicate that it disbelieved the witness, this court will not assume such disbelief as the basis for the motion court’s ruling.
*Supp. 11 IV
No Issue Of Credibility Was Raised In The Municipal Court
The reporter’s transcript discloses that no suggestion or argument was made to the court below that Officer St. Clair’s testimony was not fully credible. Instead, defendant contended in that court that “there was no probable cause to go inside the automobile;” that “the car could have been locked and left unattended;” and the fact that the car had no key “was consistent with innocent activity.” We hereinbefore have ruled contrary to those contentions.
In People v. Manning (1973) 33 Cal.App.3d 586 [109 Cal.Rptr. 531], the court set forth several guidelines for reviewing rulings on Penal Code section 1538.5 motions. At page 601 the court said: “[/]/ is apparent that the scope of issues upon review must be limited to those raised during argument, whether that argument has been oral or in writing. This is an elemental matter of fairness in giving each of the parties an opportunity adequately to litigate the facts and inferences relating to the adverse party’s contentions. (. . . People v. Levy, 16 Cal.App.3d 327, 335-336 [94 Cal.Rptr. 25]; People v. Moore, supra, 13 Cal.App.3d 424, 434; People v. Wolder, supra, 4 Cal.App.3d 984, 996.)” (Italics added.) See also People v. Superior Court (Simon) (1972) 7 Cal.3d 186, 198 [101 Cal.Rptr. 837, 496 P.2d 1205].
We conclude that defendant’s contention that granting of his motion to suppress evidence is the resolution of an issue of credibility is without merit. We do not believe that the issue of credibility of the sole witness is properly before us or that, if so, there is any evidence that the motion court based its ruling on disbelief of the pertinent testimony.
The orders granting defendant’s Penal Code section 1538.5 motion and dismissing count I are reversed.
Marshall, J., and Alarcon, J., concurred.

 The record is obscure but this appears to be the posture of the case as gleaned from the reporter’s transcript, docket entries of May 7 and 8, June 3 and August 7, 1974, and the notice of appeal filed June 3, 1974.