[Crim. No. 26854. Second Dist., Div. Five. Mar. 30, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH HAROLD DAVITT, Defendant and Appellant.

## COUNSEL

Jeffrey C. McIntyre, under appointment by the Court of Appeal, and Buzard, Larson & McIntyre for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Russell Iungerich and Carol Wendelin Pollack, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ASHBY, J.**—Appellant pleaded guilty to possession of marijuana (Health & Saf. Code, § 11357) after the trial court denied his motion to

suppress evidence, and he appeals pursuant to Penal Code section 1538.5, subdivision (m).

At 4:45 a.m. on February 9, 1974, Deputy Sheriffs Rust and Schilling stopped a 1966 Chevrolet on Santa Monica Boulevard because it had no registration tabs on the license plate for either 1973 or 1974. The car was driven by one Walker, and appellant was the right front passenger. A radio check of the license number did not indicate any outstanding wants. After Walker got out of the car and approached the officers, Deputy Rust directed him to the sidewalk and requested his driver's license and the registration on the car. Walker produced a driver's license and a registration, but the registration was for a different vehicle, a motorcycle. Deputy Schilling had been standing near the passenger door of the vehicle. Deputy Rust advised him that the registration was for a motorcycle, and not for the vehicle in question, and asked Deputy Schilling to check the vehicle identification number plate (VIN). Deputy Schilling knew that on this model automobile the VIN was located on the door jamb of the driver's door. The officers wanted the VIN because the license plate could have been for another vehicle and by running a radio check of the VIN they could determine if there were any wants on the vehicle. Deputy Schilling opened the driver's door to check for the VIN and upon doing so he detected the odor of marijuana. Appellant was then asked to step out of the vehicle and was found to be under the influence of marijuana. He was arrested and then two baggies of marijuana were found under the right front passenger seat.

■ Appellant presents one contention. Relying on certain language in *People* v. *Superior Court (Simon),* 7 Cal.3d 186, 192-196 [101 Cal.Rptr. 837, 496 P.2d 1205], appellant argues that the fact the car lacked registration tabs and that Walker produced a wrong registration card was insufficient to give the officers probable cause to believe that the car was stolen, and that therefore "the deputies had no right to open the car door, and that the act of opening the door to enter was a search made without probable cause" in violation of his constitutional rights. This contention is without merit. The evidence shows that the officers acted reasonably and properly in opening the car door to check for the VIN on the door jamb.

Even aside from the fact that the evidence here shows more suspicious circumstances than in *Simon,*[1] appellant's reliance on that case is misplaced. In *Simon* the court was discussing whether there was *probable*

---

[1]*Simon* suggests that the lack of a registration card and the lack of a current registration tab on the license plate would not by themselves show probable cause to

*cause to arrest* for grand theft of the automobile so as to justify a *search of the driver's person.* That is not the situation here. Nor is this a case where the officer entered the car to search for the registration in the glove compartment[2] or to search the interior of the car to see what was inside.[3]

Here the only conduct of which appellant complains is that the officer opened the car door for the purpose of seeing the VIN which he knew to be on the door jamb of this model automobile. A cursory examination of the door jamb for the VIN cannot be likened to a search of the automobile. It is a minimal intrusion on the privacy of the driver and occupants of the automobile. (See *People* v. *Dumas,* 9 Cal.3d 871, 882 fn. 9 [109 Cal.Rptr. 304, 512 P.2d 1208].) It is no more intrusive than a request by an officer that the driver and occupants alight from the vehicle, which, as we recognized in *People* v. *Figueroa,* 268 Cal.App.2d 721, 726-727 [74 Cal.Rptr. 74], and *People* v. *Beal,* 44 Cal.App.3d 216, 221 [118 Cal.Rptr. 272], is far less intrusive than a search of the person or the auto, and which is justified on grounds falling short of probable cause.[4]

---

believe the vehicle stolen. In this case, however, the car lacked not only the current year's registration tab (1974) but also the previous year's (1973). The lack of two years' registration tabs increased the possibility that the license plate might be from a different car of a similar make or model. Secondly, in this case the driver did not merely state that he lacked a registration card for the vehicle, but instead gave the officer a wrong registration for a different vehicle. This was a suspicious circumstance (see *People* v. *Cole,* 20 Cal.App.3d 548, 550 [97 Cal.Rptr. 792]; *People* v. *Upton,* 257 Cal.App.2d 677, 683 [65 Cal.Rptr. 103]) and itself a violation of Vehicle Code section 4462, subdivision (b), which provides: "(b) No person shall display upon a vehicle, nor present to any peace officer, any registration card, identification card, temporary receipt, license plate, or permit not issued for such vehicle or not otherwise lawfully used thereon under this code."

Appellant argues there is no evidence Walker was asked to explain the discrepancy and he speculates there may have been some innocent explanation for it. However, it may be inferred that Walker had an opportunity to provide such an explanation when Deputy Rust called to Deputy Schilling and told him to check the VIN because the registration was for the wrong vehicle, but Walker failed to do so. (See *People* v. *Preston,* 9 Cal.3d 308, 313-314 [107 Cal.Rptr. 300, 508 P.2d 300]; *People* v. *Browning,* 45 Cal.App.3d 125, 143 [119 Cal.Rptr. 420].) Deputy Schilling testified that Walker "didn't have any registration on the vehicle."

[2]Compare *People* v. *Jochen,* 46 Cal.App.3d 243, 247 [119 Cal.Rptr. 914]; *People* v. *Superior Court (Fishback),* 2 Cal.App.3d 304, 309-310 [82 Cal.Rptr. 766]; with *People* v. *Martin,* 23 Cal.App.3d 444, 447 [100 Cal.Rptr. 272]; *People* v. *Walker,* 273 Cal.App.2d 720, 724 [78 Cal.Rptr. 439].

[3]*People* v. *Superior Court (Kiefer),* 3 Cal.3d 807 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559].

[4]In the circumstances of this case, a request for Walker to get out of the car would have been permissible (*People* v. *Vermouth,* 20 Cal.App.3d 746, 753 [98 Cal.Rptr. 65]), but he anticipated it by approaching the officers.

Virtually directly in point is *People* v. *Cole, supra,* 20 Cal.App.3d 548. There a Plymouth was stopped because it lacked registration tabs for the current or previous year, as in this case. The driver produced a registration for a different vehicle, as in this case. The officer requested him to get out of the car, and when the door was opened he noticed the VIN was not secured where it should be. The officer then also observed a marijuana cigarette and properly seized it. Similarly, in *People* v. *Williams,* 17 Cal.App.3d 275, 277-278 [94 Cal.Rptr. 735], when the driver got out of the car the officer observed that the VIN on the door jamb had been altered, and he lawfully arrested the occupants for auto theft.

*Simon* recognizes that, while the absence of registration might itself be insufficient to provide probable cause to arrest for auto theft, it is ample ground for further investigation. (7 Cal.3d at p. 197.) In this case the fact that the license plate lacked two years' registration tabs and Walker had provided a wrong registration card for a different vehicle virtually demanded further investigation. It was reasonable that the further investigation took the form of checking the VIN on the door jamb because this provided an alternative means of determining if the vehicle had been reported stolen. Balancing the need for further investigation against the minimal intrusion involved (see *Terry* v. *Ohio,* 392 U.S. 1, 21 [20 L.Ed.2d 889, 905-906, 88 S.Ct. 1868]), we conclude Deputy Schilling did not engage in an unreasonable search by merely opening the car door to check the door jamb. The marijuana was inadvertently discovered in the course of the investigation and properly seized. (*People* v. *Cole, supra; People* v. *Monreal,* 264 Cal.App.2d 263, 265 [70 Cal.Rptr. 256].)

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.