Opinion
COOPERMAN, J.
Defendant was charged with driving under the influence of alcohol and thereafter moved to suppress evidence pursuant to Penal *Supp. 37 Penal Code section 1538.5, which motion was granted. The case was then dismissed by the court and the People appeal.
At the hearing on defendant’s motion to suppress, Frank Affinito, an El Segundo police officer, testified that on January 1, 1982, at approximately 1:22 a.m. he responded to a radio call reporting a party disturbing the peace. Upon arriving at the designated address, he observed other police officers dispersing a large group of people in front of the location which was littered with beer cans. Officer Affinito also observed defendant walking away from the location of the party being supported by one male, on each side, as if he were unable to walk without such assistance. At one point defendant appeared to try to break away, but the two males held onto him. According to Officer Affinito, defendant appeared to be intoxicated. Defendant and-his two male companions then proceeded around the corner and across the street where defendant started to enter the driver’s seat of a red Volkswagen.
Officer Tanaka, Affinito’s partner, drove the police vehicle slowly past the red Volkswagen with Affinito seated on the passenger side with the window rolled down. The police vehicle came within approximately four feet of the red Volkswagen, when Officer Affinito heard defendant say “Whoops, I better not drive.” As the police vehicle continued forward past the Volkswagen, Officer Affinito watching in his rearview mirror, observed the occupants exit the vehicle and defendant walk away, leaning on the car for support. At that point, Officer Affinito did not believe defendant was going to drive.
The officers then proceeded for approximately one and one-half blocks before parking to monitor pedestrian and vehicle traffic. Although neither defendant nor the red Volkswagen were visible from this new location initially, approximately two to five minutes later, Officer Affinito saw defendant drive past in the same red Volkswagen, accompanied by two passengers. After following defendant for approximately two and one-half blocks, the officers pulled him over. Although defendant was driving properly, the officers detained him on suspicion of driving under the influence of alcohol based on their earlier observations at the scene of the party. It was stipulated at the suppression hearing that Officer Tanaka’s testimony would substantially corroborate Officer Affinito’s testimony.
Stacy Wills testifying for the defense stated that she saw defendant at the party in question and at no time did she observe anyone supporting defendant. David Herzog, also present at the party and a passenger in defendant’s car, testified that defendant walked out of the party without any assistance. Herzog further testified that he never heard defendant say “Whoops, I better *Supp. 38 not drive” or any similar statement. The testimony of Raymond Moughalian, the other passenger in defendant’s car when it was pulled over, was offered by stipulation to substantially corroborate the testimony of Herzog. It was also stipulated that defendant would testify that at no time was he escorted or otherwise physically touched, nor did he make the statement “Whoops, I better not drive.”
In granting defendant’s motion to suppress the trial court held that, while the officers would have been justified in investigating defendant’s suspicious behavior at the time they initially observed him leaving the party and getting into the Volkswagen, once they decided to move on without investigating, the officers could not, as a matter of law, detain defendant later solely on the basis of their earlier observations.[1] Thus by proceeding to an area where they could no longer monitor defendant’s actions, the officer’s right to investigate “evaporated,” and a detention of defendant after he was seen driving could be justified only upon a showing of new facts, such as an observation of weaving or other violations of law sufficient to warrant such a stop independent of the earlier observations.
It is well settled that “circumstances short of probable cause to arrest will justify an officer’s stopping pedestrians and motorists on the streets whenever it appears that such course is reasonably necessary to discharge the officer’s duty to prevent crime and maintain the peace as well as apprehend criminals after the fact. [Citations omitted.].” (People v. Beal (1974) 44 Cal.App.3d 216, 220 [118 Cal.Rptr. 272]. In Beal, police officers who had observed two men stagger to an automobile and drive away, followed the vehicle for one and one-half blocks before stopping the vehicle to ascertain whether “these people were intoxicated.” (Id., at p. 218.) The officers observed no traffic violations committed by the driver prior to stopping the vehicle. After stopping the vehicle the officers concluded that the two men were under the influence of narcotics and placed them under arrest. Narcotics and narcotic paraphernalia were found on Beal, the passenger, and in the automobile itself.
In rejecting Beal’s contention that the detention of the vehicle was improper, the Court of Appeal held that the officers were justified in investigating to determine whether the men they had seen “staggering” to the automobile were in fact intoxicated. In so holding, the court stated that “[t]he fact that the suspects had been able to enter their car and to drive a block and a half without mishap before the officers could question them in no way dispelled the duty to investigate.” (Id., at p. 220.)
*Supp. 39 The only apparent factual distinction between Beal and the instant case is that in Beal, the officers never lost sight of the two men from the time they entered the vehicle to the time of the stop, whereas here, a period of two to five minutes elapsed from the time of the officer’s initial observations to the time defendant was observed driving, during which time the officers did not monitor defendant’s activities. However, in view of the very short period of time that had elapsed since the officers had observed defendant appearing intoxicated, this distinction is not significant.
There is also no significance to the officer’s failure to detain defendant at the time of their initial observations since they saw defendant exit the vehicle and walk away, thereby making it reasonable to conclude that defendant was not going to drive.
Finally, Officer Affinito positively identified defendant as the person he had previously observed, and saw him driving the same red Volkswagen he had seen defendant enter and then exit a few minutes earlier. It was thus objectively reasonable, given the nature of alcohol intoxication, for Officer Affinito to conclude that defendant was still under the influence of alcohol despite the passing of merely two to five minutes and, pursuant to the holding in Beal, there was no additional requirement that the officers observe defendant commit a traffic violation or otherwise violate the law in order to justify a further investigation of their reasonable suspicion that he was driving under the influence of alcohol. Defendant’s motion to suppress should therefore have been denied.
The orders granting defendant’s motion to suppress and dismissing the case are reversed.
Bernstein, Acting P. J., and Reese, J., concurred.

In so holding, the court specifically stated that it didn’t “think the officers were lying” with respect to their observations of defendant outside of the party, thereby resolving the conflict.